**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Bruce COX,
Defendant–Appellant.**

No. 89–1109.

United States Court of Appeals,
Tenth Circuit.

May 24, 1991.

**1118**

Robert W. Cook (Kathy P. Bonham of Bonham, Peake & Hutchinson, Denver, Colo., on the brief), Denver, Colo., for defendant-appellant.

Stephen C. Peters, Asst. U.S. Atty., (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN and TACHA, Circuit Judges, and GREENE, District Judge.*

LOGAN, Circuit Judge.

Defendant Richard Bruce Cox was convicted by a jury of two counts involving illegal possession and transportation of firearms, and of six counts involving possession with intent to distribute and conspiracy to possess and distribute controlled substances. Defendant appeals his conviction, raising many issues which we discuss herein.[1] We affirm.

On November 11, 1987, a Colorado state patrol trooper stopped defendant for speeding on a Colorado highway. The officer took defendant into custody after discovering that he was driving with a suspended license. As a passenger exited the vehicle defendant had been driving, the officer noticed a pistol butt protruding from a black bag on the front passenger seat floorboard. In front of the bag, the officer observed a large bucket containing a green leafy substance. A later search of the vehicle revealed that the bucket contained marijuana and several other controlled substances. The black bag contained a nine millimeter pistol, a .357 magnum revolver, and a .44 magnum revolver, all of which were loaded. As a result, defendant was charged with possessing and transporting in interstate commerce a firearm in violation of 18 U.S.C. § 922(g)(1), and with carrying a firearm while committing a federal drug offense in violation of 18 U.S.C. §§ 2 and 924(c). Defendant made bond and was released from jail.

On November 20, 1987, police arrested Thomas Sack in Colorado. During an ensuing search of Sack's motel room and truck, police discovered eleven bales of marijuana. Sack informed the police that he, defendant, and Jerry Dale Peters were involved in selling the seized marijuana. Using this information, police eventually charged defendant and Peters with conspiracy to possess and distribute, and possession with intent to distribute, in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 846.

On May 3, 1988, defendant again was arrested in Colorado after agreeing to distribute cocaine to a government informant. Based on this arrest, and a search of defendant's automobile, defendant was charged with possession with intent to distribute cocaine, ethchlorvynol, diethylpropin and codeine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(2) and 841(b)(1)(D).

A federal grand jury indicted defendant on all eight charges, with counts one and two of the indictment (the marijuana offenses) naming both defendant and Peters, and counts three through eight (all other offenses) naming only defendant. Defendant and Peters were tried jointly and convicted by a jury on all counts.

### I

#### A

■ Defendant first contends that the district court erred when it denied his pretrial motion for severance under Fed.R.

---

\* The Honorable J. Thomas Greene, United States District Judge for the District of Utah, sitting by designation.

1. Although we will refer to all arguments as being raised by "defendant," we will address the arguments raised in both defendant's pro se briefs and his attorney's briefs.

Crim.P. 8. He argues that counts one and two (the marijuana offenses), counts three and four (the firearms offenses) and counts five through eight (the cocaine, ethchlorvynol, diethylpropin and codeine offenses) involve three distinct and unrelated sets of activities that should have been tried separately.

Fed.R.Crim.P. 8(a), governing the joinder of offenses, provides in pertinent part: "Two or more offenses may be charged in the same indictment ... if the offenses charged ... are of the same or similar character or are ... parts of a common scheme or plan."

Counts one, two and five through eight are of the same or similar character; all involve either possession with intent to distribute or conspiracy to possess and distribute a controlled substance. Counts three and four, on the other hand, involve defendant's illegal possession of firearms. We conclude that the government adequately demonstrated that defendant possessed these firearms as part of a scheme or plan to possess and distribute drugs. Police seized these weapons on November 11, 1987, a date that falls within the time frame of the drug conspiracy alleged in count one;[2] and coincides with count two's allegation that defendant possessed and intended to distribute marijuana on November 11, 1987. Moreover, police seized the weapons at the same time and from the same vehicle that they seized quantities of marijuana and other controlled substances. Accordingly, joinder of the charges in a single indictment was proper. *See United States v. Valentine,* 706 F.2d 282, 289 (10th Cir.1983) (joinder of weapons and drug charges proper when weapons seized at same time and place as drugs and drug paraphernalia).

■ Defendant alternatively contends that the district court violated Fed.R. Crim.P. 8(b) by refusing to grant defendant and Peters separate trials. We disagree. Defendant was charged in every count of the indictment; therefore, he was not enti-tled to severance under Rule 8(b). *See United States v. Eagleston,* 417 F.2d 11, 14 (10th Cir.1969).

**B**

■ Defendant next contends that even if joinder was proper under Rule 8, the district court erred by denying his motion for a separate trial under Fed.R.Crim.P. 14. Under Rule 14, if a defendant "is prejudiced by a joinder of offenses or of defendants in an indictment ... the court may order ... separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." The decision to grant separate trials under Rule 14 is "within the sound discretion of the trial court and its decision will not ordinarily be reversed in the absence of a strong showing of prejudice." *Valentine,* 706 F.2d at 289–90. Defendant's burden to show an abuse of discretion is a difficult one. *Id.* at 290. He has not met this burden.

■ Defendant argues that he was prejudiced and ultimately convicted on counts one and two (the marijuana offenses) because of lengthy testimony about Peters' marijuana smuggling activities. Absent an actual showing of prejudice, however, such an allegation does not warrant reversal. *See United States v. Hack,* 782 F.2d 862, 870 (10th Cir.) ("Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance.") (citation omitted), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). We are not persuaded that defendant was prejudiced by the district court's refusal to grant defendant and Peters separate trials.

■ Defendant alternatively argues that he was prejudiced because he wished to remain silent on counts one and two (the marijuana offenses), but testify and mount

2. Count one alleges that between April 1, 1987, and November 20, 1987, defendant and Peters conspired to possess with intent to distribute in excess of one hundred kilograms of marijuana. I R. tab 6 at 1.

an entrapment defense on counts five through eight (the other drug offenses). When the district court refused to sever these offenses, defendant was forced either to testify or to remain silent on all counts.

In *Valentine*, 706 F.2d at 291, we discussed what a defendant who wishes to remain silent on some counts and testify on others must do before he is entitled to severance under Rule 14:

> "[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying."

*Id.* (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C.Cir.1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970)). *Accord United States v. Hayes*, 861 F.2d 1225, 1231 (10th Cir.1988). Defendant failed to make such a showing. From the record before us on appeal, it appears that defendant did not even inform the court of his desire to testify on some counts and remain silent on others. At most, he may have informed the court of his intention to mount an entrapment defense on counts five through eight. *See* I R. tab 8 at 3 ¶ 5; IV R. 57; Pro Se Brief of Defendant/Appellant at 4. Such a showing is plainly insufficient. *See Valentine*, 706 F.2d at 290-91 (although defendant informed district court that he wished to testify on some counts and remain silent on others, severance motion properly denied for failure to indicate nature of testimony to be given).

█ Finally, defendant argues that he was prejudiced because the jury, viewing the conclusive evidence presented on counts five through eight, may have "inferred a criminal disposition on the part of [defendant] and because of this," convicted him on counts one and two. Pro Se Brief of Defendant/Appellant at 4-5. Again we disagree; that the government's evidence was stronger on some counts than on others does not mandate severance under Rule 14. *See United States v. Eades*, 615 F.2d 617, 624 (4th Cir.1980), *modified on other grounds*, 633 F.2d 1075, *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). We find no indication that joinder of these offenses prejudiced defendant.

## II

█ Defendant next argues that the government presented insufficient evidence to support his conviction on counts one through four and six through eight. In evaluating this claim we must decide whether a reasonable jury, viewing all evidence in the light most favorable to the government, could find defendant guilty beyond a reasonable doubt. *See United States v. Culpepper*, 834 F.2d 879, 881 (10th Cir.1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

### A

█ Defendant first attacks his conviction on count one, conspiracy to possess and distribute marijuana. Although he concedes that the evidence presented at trial proves beyond a reasonable doubt that a conspiracy existed between Sack and Peters to distribute marijuana in Colorado, defendant contends that the mere testimony of Sack—an unindicted co-conspirator—is insufficient to prove that defendant participated in the conspiracy.[3] This is not true. It is the right of the jury to determine the credibility of each witness, *see United States v. White*, 673 F.2d 299, 301

---

3. Although federal officials did not prosecute Sack for his role in the marijuana conspiracy, a Colorado court convicted and sentenced him to sixteen years for his involvement in the conspiracy.

(10th Cir.1982), and a jury may convict based on the uncorroborated testimony of a co-conspirator, *see United States v. Du-Friend*, 691 F.2d 948, 953 (10th Cir.1982), *cert. denied*, 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1017 (1983); *United States v. Gunter*, 546 F.2d 861, 869 (10th Cir.1976), *cert. denied*, 431 U.S. 920, 97 S.Ct. 2189, 53 L.Ed.2d 232 (1977). We therefore must affirm the jury's verdict as to count one.

### B

■ Defendant next contends that the government failed to prove an element of the offense necessary for conviction on count two, namely, that police seized more than 100 kilograms of marijuana. We disagree. The quantity of the marijuana possessed by defendant is not an element of the substantive offense as defined in 21 U.S.C. § 841(a). *See United States v. Jenkins*, 866 F.2d 331, 334 (10th Cir.1989). Thus, the question of defendant's guilt on count two does not turn on the amount of marijuana seized by the police, and the government was not bound to prove the quantity seized beyond a reasonable doubt. *Id.* Although the exact weight of the marijuana was never established and the approximate weight was very close to 100 kilograms, the evidence is sufficient to support the court's finding that it weighed in excess of 100 kilograms. *See* X R. 11–12, 33.

### C

■ Defendant next challenges his convictions on counts three and four (the weapons offenses). He argues that the evidence is insufficient to support the convictions because "there was no proof that either the car, the drugs or the guns belonged to [defendant]." Appellant's Opening Brief at 13. We conclude that ample evidence supports the jury's verdict. Police recovered the drugs and the guns from the front passenger seat floorboard of a car that defendant was driving, and a witness testified that he had seen defendant with two of the three guns before their seizure and that defendant owned those guns. *See* VI R. 44–45.

■ We similarly reject defendant's argument that he lacked dominion or control over the weapons, and thus was not "carrying" them for § 924(c) purposes, because he was not carrying them on his person. It is enough that they were found on the passenger's seat floorboard of the automobile that he had been driving. *See United States v. Cardenas*, 864 F.2d 1528, 1535–36 (10th Cir.), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989).

■ Defendant also argues that the guns were not proved to be "firearms" as defined by 18 U.S.C. § 921(a)(3). This contention is frivolous; an Alcohol, Tobacco and Firearms agent testified that the weapons had been test fired, were operable and that, in his opinion, they were firearms as defined by § 921(a)(3). *See* VII R. 316–19.

### D

■ Defendant attacks his conviction on counts six through eight, arguing that the quantity of drugs seized from defendant's car—60 ethchlorvynol tablets, 98 diethylpropin tablets, and over 175 tablets containing codeine—cannot support distribution charges.

The government offered ample evidence that defendant intended to distribute the drugs seized from his car. In addition to the drugs, police found a pager and $20,000 in cash in the car. A witness also testified at trial that defendant previously had sold "a variety of pills." VI R. 36. We therefore must affirm the jury's verdict on counts six through eight.

### III

Defendant next seeks reversal of his 18 U.S.C. § 922(g)(1) conviction arguing that the government failed to prove an essential element of the crime charged. Under 18 U.S.C. § 922(g)(1), it is unlawful for an individual to transport firearms in interstate commerce if he previously "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." A conviction may not serve as a predicate offense, however, if it has been

"expunged, or set aside." *Id.* § 921(a)(20). Defendant argues that we must reverse his § 922(g)(1) conviction because the predicate conviction was set aside before the instant case arose, and expunged after he was convicted and sentenced for violating § 922(g)(1).

In 1978, defendant was convicted of transporting and selling controlled substances in violation of California law. Defendant's 18 U.S.C. § 922(g)(1) conviction in the instant case, based on the 1978 California conviction, came at the end of trial, on February 10, 1989. Although the record before us on appeal is unclear, it appears that the 1978 California conviction may have been set aside in 1982.[4] Five months after his conviction, on July 14, 1989, defendant petitioned a California court to have his conviction expunged; the petition was granted on August 17, 1989. *See* Pro Se Brief of Defendant/Appellant, ex. E.[5]

 Whether a conviction may serve as a predicate offense for § 922(g)(1) purposes is "determined in accordance with the law of the jurisdiction" in which the conviction was secured. 18 U.S.C. § 921(a)(20). Under California law, a conviction is not automatically expunged upon expiration of a defendant's period of probation. *See* Cal.Penal Code § 1203.4; *People v. Chandler*, 203 Cal.App.3d 782, 250 Cal. Rptr. 730, 734 (1988). Rather, a defendant must petition the court and demonstrate that he has fulfilled the conditions of his probation. *See* Cal.Penal Code § 1203.4; *People v. Ignazio*, 137 Cal.App.2d Supp. 881, 290 P.2d 964, 965–66 (1955). Defendant's expungement petition was not filed before his conviction and sentencing in the instant case.

But even if defendant's 1978 California conviction was set aside in 1982, the conviction properly was treated as a predicate

offense for § 922(g)(1) purposes. Defining what qualifies as a "crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 921(a)(20) provides in pertinent part: "Any conviction which has been expunged, or set aside ... shall not be considered a conviction ... unless such ... expungement ... expressly provides that the person may not ship, transport, possess, or receive firearms." As previously noted, defendant's 1978 California conviction apparently was set aside, if at all, under California Penal Code § 1203.4. Under that section, a defendant whose sentence is set aside is expressly prohibited from owning or possessing firearms. *See* Cal.Penal Code § 1203.4 ("Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021 [forbidding possession of a firearm by a convicted felon]."). We therefore affirm defendant's § 922(g)(1) conviction.

## IV

Defendant next challenges his conviction under 18 U.S.C. § 924(c) for carrying a firearm in relation to a drug trafficking crime. He argues that because he was not charged with trafficking the drugs found with the weapons seized from the car he was driving at the time of the November 11, 1987 stop, his conviction cannot stand.

 Defendant correctly asserts that a § 924(c)(1) conviction cannot stand absent a conviction on the predicate drug trafficking offense. *See United States v. Onick*, 889 F.2d 1425, 1431 (5th Cir.1989). We disagree, however, with defendant's assertion that no such predicate conviction was secured in the instant case. Count

---

**4.** At trial, defendant's counsel stipulated to the use of defendant's 1978 California conviction as a predicate offense for § 922(g)(1) purposes. Defendant's presentence report, however, notes that the 1978 California conviction was set aside in 1982. *See* Pro Se Brief of Defendant/Appellant, ex. D at 7 ¶ 53. If the 1978 California conviction was set aside in 1982, it appears that

action was accomplished pursuant to California Penal Code § 1203.4. *See* X R. 17–21.

**5.** Although the record is silent on the nature of the proceedings leading to the 1989 expungement of defendant's 1978 California conviction, we assume that defendant sought and received such expungement under California Penal Code § 1203.4.

four charges that on November 11, 1987, defendant carried three firearms during and in relation to a drug trafficking offense (possession with intent to distribute marijuana) in violation of 18 U.S.C. § 924(c). Although defendant was not charged with trafficking the marijuana found with those firearms,[6] count two charges that on November 11, 1987, defendant possessed and intended to distribute over 100 kilograms of marijuana. Defendant was convicted on both counts.

Given the nexus between the § 924(c) and drug trafficking offenses that were charged and proved, the government's decision not to pursue a drug trafficking charge in relation to the marijuana found in defendant's car does not warrant reversal. Both the drug trafficking offense and the § 924(c)(1) offense occurred on November 11, 1987. Both charge that defendant possessed and intended to distribute marijuana. Defendant does not dispute that police recovered over three pounds of marijuana and three loaded weapons from the front passenger seat floorboard of the car he was driving. Such evidence adequately establishes that defendant had ready access to the firearms and that they played an integral role in the crimes alleged and proved in count two. *See United States v. Sullivan*, 919 F.2d 1403, 1431 (10th Cir. 1990) ("uses" element of § 924(c)(1) satisfied when defendant has ready access to weapon that was integral part of criminal undertaking); *United States v. Henning*, 906 F.2d 1392, 1397–98 (10th Cir.1990) (individual carries firearm "during and in relation to" commission of drug trafficking crime if it facilitates or has a role in that crime), *cert. denied,* —— U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991).

## V

Defendant next argues that his conviction should be overturned because his trial

attorney provided ineffective assistance of counsel. Our review of the record does not reveal that defendant's counsel made any errors warranting reversal. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

## VI

Defendant further argues that the district court incorrectly applied the Sentencing Guidelines when it calculated his criminal history category and offense level.

### A

■ In calculating defendant's criminal history category, the district court assigned two points for his 1978 California conviction. Defendant contends that is an incorrect application of the guidelines because "[s]entences for expunged convictions are not counted" in computing a defendant's criminal history category. U.S.S.G. § 4A1.2(j).

As we discussed in Part III, it is unclear whether defendant's 1978 California conviction had been "set aside" at the time he was sentenced in the instant case. But even if it had been, the district court correctly counted that conviction in computing defendant's criminal history category. The application notes to U.S.S.G. § 4A1.2 explain that:

"A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.,* in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted."

*Id.* § 4A1.2, comment. (n. 10). Defendant does not contend that his 1978 California

---

**6.** Apparently, the government initially charged defendant with possession with intent to distribute the marijuana found during the November 11, 1987 search. The charge eventually was dropped, however, when the district court granted the government's motion to consolidate the remaining charges with several new charges in

the instant case. Count two in the instant case charges that on November 11, 1987, defendant possessed with intent to distribute over 100 kilograms of marijuana. Evidence produced at trial, however, suggests that the marijuana seized from defendant's car was not part of the marijuana charged in count two.

conviction was set aside because of an error of law or his innocence, but rather because he had successfully completed probation. Although the conviction may have been expungeable before sentencing in the instant case, expungement does not occur automatically under California law. *See* Cal.Penal Code § 1203.4. Defendant's own evidence establishes that the conviction was not expunged until after he was sentenced in the case at hand. We therefore conclude that at the time of sentencing, defendant's 1978 California conviction was a "prior conviction" for purposes of U.S.S.G. § 4A1.1. *See United States v. Bucaro*, 898 F.2d 368, 372 n. 6 (3d Cir.1990) (affirming use of previous criminal conviction to enhance criminal history category calculation though previous conviction could have been expunged before sentencing); *United States v. Ruiz*, 734 F.Supp. 312, 313–14 (N.D.Ill.1990) (though previous criminal conviction could have been expunged before sentencing, it had not been formally expunged and thus could not be treated as expunged under § 4A1.2(j)). *See also United States v. Jones*, 907 F.2d 456, 472 (4th Cir.1990) (Wilkinson, J., concurring in part and dissenting in part) ("As the past tense adjective 'expunged' indicates, § 4A1.2(j) prohibits a sentencing court from counting convictions that have been invalidated prior to their use as sentencing factors."), *cert. denied,* —— U.S. ——, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991).

### B

■■■■ Defendant next argues that the district court erred in assigning one criminal history point for defendant's 1984 Colorado misdemeanor menacing conviction. Under U.S.S.G. § 4A1.2(c), prior misdemeanor convictions are counted in computing a defendant's criminal history category unless excepted by that section. Defendant contends that his 1984 Colorado conviction falls within two of § 4A1.2(c)'s exceptions: conviction of a minor traffic infraction and conviction of a crime similar to disorderly conduct. *See* U.S.S.G. § 4A1.2(c)(1–2).

Under Colorado law, misdemeanor menacing is neither a minor traffic infraction nor similar to the offense of disorderly conduct. Menacing is a crime against the person, *see* Colo.Rev.Stat. § 18–3–206, and disorderly conduct is a crime against the public peace, order, and decency. *See id.* § 18–9–108. We therefore affirm the district court's decision to assign one criminal history point under U.S.S.G. § 4A1.1(c).

### C

■■■■ Defendant next argues that the district court erred in assessing one criminal history point because of a 1984 Colorado deferred judgment for unlawful use of a controlled substance. Defendant argues that the offense actually resulted in a "deferred prosecution" that should not have been counted in computing his criminal history category. *See* U.S.S.G. § 4A1.2(f).

Defendant's 1984 Colorado drug offense resulted in a deferred judgment that properly was included in computing his criminal history category. Defendant's appellate counsel concedes that the 1984 Colorado conviction properly was counted as a prior sentence in computing defendant's criminal history score. *See* Supp.Auth. 2 at ¶ D. Moreover, defendant admits that he tendered a plea of guilty to the offense. Pro Se Brief of Defendant/Appellant at 22. Under Colorado law, a defendant does not enter a plea in the case of a deferred prosecution, *see* Colo.Rev.Stat. § 16–7–401, but must enter a plea in the case of a deferred judgment, *see id.* § 16–7–403. Under the Sentencing Guidelines, such a deferred judgment properly is counted in computing a defendant's criminal history category. *See* U.S.S.G. § 4A1.2(f); *id.,* comment. (n. 9) ("Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved ... an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.").

### D

Defendant further challenges the district court's reliance on U.S.S.G. § 4A1.1(d) in

assigning two additional criminal history points for the 1984 Colorado drug offense. Under § 4A1.1(d), two points are added to a defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence...." Relying on the presentence report's indication that defendant's deferred sentence for the 1984 Colorado drug offense did not terminate until after defendant committed the first of the instant offenses, *see* Pro Se Brief of Defendant/Appellant, ex. D at ¶ 58, the district court assessed two criminal history points under U.S.S.G. § 4A1.1(d).

 Under Colorado law in effect at the time of defendant's 1984 sentencing, a sentence ordinarily could be deferred only "for a period not to exceed two years from the date of entry of [defendant's] plea...." Colo.Rev.Stat. § 16-7-403 (before 1987 amendment). Defendant entered his plea and received a deferred sentence in 1984. Thus, although termination of defendant's deferred sentence was not recorded until November 13, 1987, that sentence essentially terminated by operation of law in 1986.[7] Because defendant did not commit any of the instant offenses until April 1, 1987, such offenses were not committed while "under any criminal justice sentence." U.S.S.G. § 4A1.1(d). We therefore conclude that the district court erred in assigning two criminal history points under § 4A1.1(d). *See United States v. Dillon*, 905 F.2d 1034, 1036-37 (7th Cir.1990) (current conviction was not committed while under criminal justice sentence when prior sentence was for a fixed term and term had expired without state action before commission of instant offense). This mistake, however, does not affect defendant's appropriate guideline sentencing range. As calculated by the district court, defendant had nine criminal history points and thus fell within criminal history category IV. *See* X R. 33; Pro. Se Brief of Defendant/Appellant, ex. D at 9. Defendant's corrected criminal history score of seven still falls within criminal history category

IV. U.S.S.G. Ch. 5, pt. A. We therefore need not remand for resentencing. *See United States v. Williams*, 919 F.2d 1451, 1458 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1604, 113 L.Ed.2d 667 (1991).

**E**

 Defendant next challenges the assignment of three criminal history points for his March 6, 1989, Colorado felony conviction for attempting to possess cocaine. Defendant argues that the Colorado conviction cannot be used to increase his criminal history category because the cocaine that is the basis of the Colorado case was found with the guns charged in counts three and four of the instant case, and admitted into evidence in the instant case.

The Colorado conviction properly was included in computing defendant's criminal history category. Under U.S.S.G. § 4A1.2, a prior sentence imposed upon a defendant is included in computing the defendant's criminal history category unless the prior sentence is "for conduct that is part of the instant offense." U.S.S.G. § 4A1.2, comment. (n. 1). Although police seized the cocaine underlying the Colorado conviction and the guns underlying counts three and four from the same car, and the cocaine was admitted into evidence in the instant case, the presence of the cocaine was not part of the instant offense. The government did not tie the weapons offenses to the cocaine nor charge defendant with possessing that cocaine. Instead, the government charged defendant in count three with carrying a weapon in relation to trafficking marijuana. Accordingly, the Colorado conviction properly was included in defendant's criminal history category. *See United States v. Garcia*, 909 F.2d 389, 392 (9th Cir.1990) (though police seized methamphetamine and counterfeit notes at same time and place, state conviction for methamphetamine possession properly counted as a prior conviction in federal prosecution charging defendant with possession of counterfeit notes).

---

7. The record before us on appeal contains no indication that defendant was placed on proba-

tion as a result of his deferred sentence or that his deferred sentence was ever revoked.

### F

 Defendant next challenges the district court's decision to increase his base offense level by four points based on its finding that defendant was a leader or organizer of the marijuana conspiracy. The district court's determination that defendant was an organizer is a factual finding subject to the clearly erroneous standard of review. *United States v. Williams*, 897 F.2d 1034, 1040 (10th Cir.1990). Given the evidence that extensive marijuana transfers took place at a business that defendant owned, we cannot declare the district court's finding to be clearly erroneous. *See* U.S.S.G. § 3B1.1(a) and comment. (n. 3).

### G

 Finally, defendant challenges the district court's finding that the amount of the marijuana involved in counts one and two did not exceed 100 kilograms as to Peters, but did exceed 100 kilograms as to defendant. After sentencing Peters, but before sentencing defendant, the court heard supplemental testimony as to the weight of that marijuana. Defendant contends that this was improper because "The court may not ... weigh the same evidence with respect to each defendant differently." Appellant's Opening Brief at 12.

Our review of the record indicates that the district court's disparate findings are not based on different interpretations of the *same* evidence. In determining the weight of the marijuana applicable to defendant, the court explained that its finding was supported by evidence not applicable to Peters. All marijuana transfers took place at defendant's place of business and thus applied to defendant. *See* X R. 33–34. In contrast, Peters was a mere "courier and may or may not have been involved in other transfers." *Id.* at 33. We therefore affirm the district court's disparate findings regarding the marijuana's weight.

### VII

 Finally, defendant argues that we must remand his case for resentencing be-

cause the district court failed to comply with the requirements of Fed.R.Crim.P. 32(c)(3)(D). Under that rule, if a defendant contests the factual accuracy of any part of his presentence investigation report, the district court must either make a finding as to the accuracy of the allegation or expressly state that the controverted matter will not be taken into account in sentencing. Defendant argues that the district court violated Rule 32(c)(3)(D) when it failed to expressly address the following claimed inaccuracies in his presentence investigation report: (1) that the crimes of misdemeanor menacing and disorderly conduct are not similar under Colorado law for purposes of U.S.S.G. § 4A1.2(c)(1); (2) that his 1984 Colorado deferred judgment was a valid criminal justice sentence for purposes of U.S.S.G. § 4A1.1(d); and (3) that his 1989 Colorado conviction was "not part of the instant offense" under U.S.S.G. § 4A1.2(a)(1). *See* Supp.Auth. We disagree.

"[O]nly historical, objectively verifiable information reported in the PSI, antedating the report and existing independent of it, can properly be contested as a 'fact' under Rule 32." *United States v. Jones*, 856 F.2d 146, 150 (11th Cir.1988). The instant defendant fails to allege any such "factual inaccuracy" in his presentence investigation report. Instead, he attacks the district court's application of the Guidelines to an uncontested set of facts. Such an attack does not implicate Rule 32(c)(3)(D). *Compare United States v. Alvarado*, 909 F.2d 1443, 1445 (10th Cir.1990) (defendant contesting factual accuracy of confidential informant's report contained in PSI entitled to 32(c)(3)(D) findings) *with United States v. Hand*, 913 F.2d 854, 857 (10th Cir.1990) (whether defendant was a minor participant, though based on facts contained in PSI, was a legal conclusion not implicating Rule 32(c)(3)(D)) *and United States v. Rutter*, 897 F.2d 1558, 1566 (10th Cir.) (questions concerning parameters of guidelines were legal in nature and thus did not invoke Rule 32(c)(3)(D)), *cert. denied*, —— U.S. ——, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). We hold, therefore, that the district court was not obligated to make Rule

32(c)(3)(D) findings with regard to the disputed matters.

We have considered the other arguments and contentions made in the pro se briefs and supplemental brief, and made by the two different lawyers who filed briefs or argued on behalf of defendant. We conclude none are sufficient to require further discussion.

AFFIRMED.