958 F.2d 381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roy Lee DUNN, Plaintiff-Appellant,
v.
Jack COWLEY, warden, Defendant-Appellee.
 No. 91-5055.
 United States Court of Appeals, Tenth Circuit.
 March 24, 1992.
 
 Before MCKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the Defendant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was convicted by the Oklahoma state district court for Payne County of two counts of murder in the first degree, and he was sentenced by that court to two life sentences for those convictions. The Oklahoma Court of Criminal Appeals affirmed the convictions. Defendant thereafter filed an application for a writ of habeas corpus with the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 2254. That court denied Defendant's application for habeas relief. Defendant now appeals the district court's denial of post-conviction relief. Defendant has also moved this court for leave to proceed in forma pauperis and has requested issuance of a certificate of probable cause. Defendant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs of Fees is hereby GRANTED. In addition, it is hereby ORDERED that a Certificate of Probable Cause be issued. We will not consider the merits of Defendant's appeal.
 
 
 3
 Defendant claims that the evidence presented during the state court trial was insufficient to support the jury's verdict. "In a habeas corpus proceeding, we review a challenge to the sufficiency of the evidence to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Cordoba v. Hanrahan, 910 F.2d 691, 694 (10th Cir.) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 111 S.Ct. 585 (1990). We have reviewed the lengthy trial record, and we find that there was sufficient evidence to convict Defendant.
 
 
 4
 Defendant's pro se habeas petition seems to raise the issue of whether denial of his motion for severance of his trial from that of his codefendants violated his right to a fair trial. Federal R.Crim.P. 14 provides that a court may grant a severance of defendants if a defendant is prejudiced by the joinder of defendants. "The decision to grant separate trials under Rule 14 is 'within the sound discretion of the trial court and its decision will not ordinarily be reversed in the absence of a strong showing of prejudice.' Defendant's burden to show an abuse of discretion is a difficult one." United States v. Cox, 934 F.2d 1114, 1119 (10th Cir.1991) (quoting United States v. Valentine, 706 F.2d 282, 289-90 (10th Cir.1983)). Defendant has not made a strong showing of prejudice resulting from the joinder of defendants at trial and, therefore, he has not met his burden.
 
 
 5
 We also read Defendant's pro se brief as arguing that, because the information charged that he acted "together and conjointly" with his codefendants, he should be retried because the charges against his codefendants have been dropped. The manner in which Defendant was charged and the elements necessary for conviction are matters of state law which we will not address in this habeas petition. See Davis v. Reynolds, 890 F.2d 1105, 1109 n. 3 (10th Cir.1989).
 
 
 6
 Defendant raised seven issues, in addition to his claim of insufficiency of the evidence, before the district court. It is not entirely clear from Defendant's pro se brief which, if any, of those seven issues are raised on appeal.[1] We have, however, reviewed the issues raised in the district court, and we agree with its finding that none of the issues presents constitutional error which would permit habeas relief.[2]
 
 
 7
 We have reviewed all issues raised by Defendant in his pro se brief, as well as the issues presented to the district court, and we find that none of Defendant's claims rise to the level of constitutional error necessary for habeas relief. The judgment of the United States District Court for the Northern District of Oklahoma is, therefore, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant has clearly raised the issue of evidence sufficiency on appeal. That issue was also raised before the district court
 
 
 [2]
 In addition to holding the evidence in this case to be sufficient, we affirm the district court's findings on the seven remaining issues raised before that court. The trial court did not deny Defendant a fair trial by admitting evidence of other crimes or by restricting cross-examination. No actual conflict of interest was shown which resulted in ineffective assistance of counsel. Defendant's right to a fair trial was not violated because he was only allowed three peremptory jury challenges or because an alternate juror was present in the jury room at the beginning of deliberations. Finally, neither the trial court's instruction to the jury to continue deliberations nor certain prosecutorial remarks in closing argument violated Defendant's right to due process