993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando ACOSTA, Defendant-Appellant.
 No. 92-6066.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Acosta entered a guilty plea to the crime of conspiracy to possess a controlled substance (cocaine) with the intent to distribute. Mr. Acosta appeals his sentence asserting only that the sentencing court incorrectly calculated his criminal history category. We affirm.
 
 
 3
 Simply by way of background information, we note this is Mr. Acosta's second appeal to this court. In his first appeal, Mr. Acosta appealed the district court's denial of his motion to withdraw his guilty plea (which we affirmed) and his sentence which was based on an upward departure. We vacated the sentence and remanded for resentencing. See United States v. Acosta, No. 90-6266, Order & Judgment, December 13, 1991. It is the new sentence which Mr. Acosta now appeals.
 
 
 4
 At resentencing the district court computed the Guideline range to be 33-41 months and sentenced Mr. Acosta to 41 months. This computation was based upon a base offense level of 18, which Mr. Acosta accepts, and a criminal history category of III, which Mr. Acosta disputes.
 
 
 5
 The sentencing court calculated Mr. Acosta's criminal history category as III based upon the following:
 
 
 6
 1. One point was assessed for a November 6, 1980, state court conviction for theft. See U.S.S.G. § 4A1.1(c);
 
 
 7
 2. Three points were assessed for a May 23, 1985, federal conviction for conspiracy to possess marijuana. See U.S.S.G. § 4A1.1(a);
 
 
 8
 3. Two points were assessed for committing the instant offense while under federal parole supervision. See U.S.S.G. § 4A1.1(d).
 
 
 9
 At sentencing Mr. Acosta objected to the one-point assessment for the state conviction and the two-point assessment for committing the instant offense while on federal parole and reasserts the same arguments on appeal.
 
 
 10
 Mr. Acosta was convicted in state court on November 6, 1980, and was sentenced to ten years probation. The instant offense was committed in January 1990. In order to assess one point for the state conviction, the instant offense must have occurred within ten years of the state conviction. At sentencing Mr. Acosta argued that he had an agreement with the state that if he completed the probation without it being revoked, the conviction would be expunged. Mr. Acosta asserted he had filed the appropriate documents with the state; however, Mr. Acosta acknowledged the state had not expunged this conviction at the time of sentencing.
 
 
 11
 Legal conclusions with respect to the Sentencing Guidelines are reviewed de novo. United States v. Shewmaker, 936 F.2d 1124, 1126 (10th Cir.1991), cert. denied, 112 S.Ct. 884 (1992). We view United States v. Cox, 934 F.2d 1114, 1124 (10th Cir.1991), as dispositive. In Cox we held that if a conviction is not expunged at the time of sentencing, the conviction is considered a "prior conviction" for purposes of U.S.S.G. § 4A1.1 and the point should be assessed.
 
 
 12
 We need not consider Mr. Acosta's second contention wherein he argues the sentencing court erred by assessing two points for committing the instant offense while under federal parole supervision as our decision on this issue would make no difference in Mr. Acosta's sentence.
 
 
 13
 Mr. Acosta's criminal history category is III. In order to reduce the criminal history category to II, Mr. Acosta had to prevail on both issues, which he cannot now accomplish. Criminal history category III includes point totals of four, five, and six. Were we to agree with Mr. Acosta concerning the conviction while under federal parole, it would reduce his criminal history score to four, which results in Mr. Acosta remaining in criminal history category III. See U.S.S.G. Ch. 5, Pt. A--Sentencing Table.
 
 
 14
 The judgment and sentence of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3