**UNITED STATES of America,**

v.

**Wendall Eugene NICHOLSON, Movant.**

**Nos. 91–10027–02, 95–3558–EEO.**

United States District Court,
D. Kansas.

March 7, 1996.

Wendell Eugene Nicholson, El Reno, OK, Pro Se.

Randall K. Rathbun, U.S. Attorney, D. Blair Watson, Assistant U.S. Attorney, Wichita, Kansas, for U.S.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

The defendant Wendall Eugene Nicholson has filed a motion to vacate his conviction and sentence on the charge contained in Count VIII of the Superseding Indictment, which led to his conviction and sentence for violation of 18 U.S.C. § 924(c)(1). The motion will be considered as being filed pursuant to 28 U.S.C. § 2255.

Defendant contends that under the recent United States Supreme Court decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), his conviction and sentence on Count VIII are in violation of the Constitution and laws of the United States, should be vacated, and he should be immediately discharged.

In response to the court's order of January 23, 1996, the government has filed its response, in which it points out that defendant was charged and convicted in Count VIII for "carrying" a firearm *during and in relation to* a drug trafficking offense, and that a loaded revolver was found underneath the front seat of the vehicle he was driving. Therefore, the government argues that *Bailey* is not controlling, because there the Court was concerned with the definition of "use" as set forth in the statute. *See United States v. Cardenas,* 864 F.2d 1528 (10th Cir.1989), and *United States v. Brockington,* 849 F.2d 872 (4th Cir.1988).

Defendant has filed two replies (Docs. # 276 and # 278) to the government's response, and this matter is now ready for ruling.

While admitting the gun was under the driver's seat of the vehicle he was driving,

Nicholson argues that he is a large man and was unable to lean forward and retrieve the gun under the seat. He says that the steering wheel would block him and the power seats would have to be raised so he could get his hand under the seat *"after he got out of the car."* Consequently, the gun was not reachable, not immediately available and useable in the furtherance of a drug deal. He reasons that the gun was "stored" and was a "passive gun."

In Nicholson's direct appeal of his conviction and sentence, the Tenth Circuit dealt with Nicholson's similar argument with respect to the sufficiency of evidence on the 18 U.S.C. § 924(c)(1) charge. The Court held:

To convict a defendant under § 924(c)(1), the government must make three showings: First, it must prove that the defendant committed the underlying crime. *United States v. Hill,* 971 F.2d 1461, 1463 (10th Cir.1992) (en banc). As noted, the government here met its burden of proving that defendant was guilty of conspiracy to distribute heroin.

Second, the government must prove that the defendant "used" or "carried" a weapon. *United States v. Parrish,* 925 F.2d 1293, 1297 (10th Cir.1991) (a showing of either use or carriage is sufficient). This court has repeatedly rejected the argument that the weapon must be found on the defendant's person for the defendant to be guilty of "carrying" the weapon. *See, e.g., United States v. Cox,* 934 F.2d 1114, 1121 (10th Cir.1991); *United States v. McDonald,* 933 F.2d 1519, 1526 (10th Cir.), *cert. denied* [502 U.S. 897], 112 S.Ct. 270 [116 L.Ed.2d 222] (1991). In this case, as in *Cox* and *McDonald,* the weapon was found under the front seat of the defendant's car, within easy reach, evincing defendant's dominion and control over the gun.

Third, the government must prove that the use or carriage of the weapon was "during and in relation to" the drug trafficking crime. "To prove this necessary relation, the Government's evidence must support a finding that the defendant *intended* the weapon to be available for use during the drug transaction." *United*

*States v. Matthews,* 942 F.2d 779, 783 (10th Cir.1991). Here, the handgun was within easy reach underneath the seat, and was thus available. The "intended" or integral role inquiry, however, is the more difficult.

The cases interpreting the requirements of section 924(c) evidence a presumption of a nexus between the firearm and offense when an individual with ready access to the firearm is involved in a drug trafficking offense. However, a defendant charged with a drug trafficking offense may overcome this presumption by presenting some evidence suggesting the firearm was present for a reason other than facilitating the drug operation.

*Parrish,* 925 F.2d at 1298 (citation omitted).

Defendant argues that he carried the gun at his father's request, because of the roughness of the neighborhood and the nature of his work, which often involved making bank deposits. Defendant's father testified that he bought the gun for defendant when defendant opened a liquor store, and that he told defendant to carry the gun at all times. He stated that defendant had routinely carried a gun for the last fifteen years. Informant Williams testified that defendant was always carrying the gun when Williams purchased heroin. This is consistent with defendant's contention that he carried the gun wherever he went. However, the fact that defendant carried the weapon for personal protection when engaged in lawful activities does not negate the effect of its presence during illegal narcotics transactions. Drug traffickers may carry weapons to protect their merchandise, their cash receipts, and to intimidate prospective purchasers. *United States v. Williams,* 923 F.2d 1397, 1403 (10th Cir.1990), *cert. denied* [500 U.S. 925], 111 S.Ct. 2033 [114 L.Ed.2d 118] (1991); *United States v. Moore,* 919 F.2d 1471, 1475 (10th Cir.1990). In this case the government met its burden of proving that the presence of the gun played an integral role in the drug trafficking conspiracy by helping to ensure its success. Therefore, the evidence adduced at trial was sufficient to support defendant's conviction under § 924(c)(1).

*United States v. Nicholson,* 983 F.2d 983, 990 (10th Cir.1993).

The decision of the Supreme Court in *Bailey* is neither helpful to Nicholson, nor does it in anyway detract from the Tenth Circuit's earlier decision that, under the evidence, he came within reach of the "carry" prong of section 924(c)(1). The Circuit Court made plain that the fact Nicholson carried the weapon when engaged in lawful activities did not negate the effect of its presence during his illegal narcotics transactions. The jury had the right to infer from all the facts and circumstances that the weapon was carried to further Nicholson's illegal drug activities and insure the success of the drug trafficking conspiracy.

Nicholson's argument that he did not "carry" the gun within the meaning of section 924(c)(1) is not persuasive. When a motor vehicle is involved, "carrying a weapon" takes on a less restrictive meaning than carrying on the person. *United States v. Cardenas,* 864 F.2d 1528 (10th Cir.1989). *See also United States v. Brockington,* 849 F.2d 872, 876 (4th Cir.1988) ("[I]t is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used."). The gun in question in the instant case was clearly within Nicholson's dominion and control. The jury could reasonably infer that it was readily accessible to the defendant in the event a contingency arose that might adversely affect the success of a drug transaction.

The court concludes that the files and records in this case conclusively show that defendant is entitled to no relief. Accordingly,

IT IS THEREFORE BY THE COURT ORDERED that defendant's section 2255 motion (Doc. # 273) is denied. The clerk is directed to forward copies of this Memorandum and Order to the defendant and to the office of the United States Attorney.