[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1665

 UNITED STATES,

 Appellee,

 v.

 NELSON ESTRADA-BERREONDO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Selya and Stahl,
 Circuit Judges. 

 

Kenneth M. Diesnhof on brief for appellant. 
Sheldon Whitehouse, United States Attorney, Margaret E. Curran, 
Assistant United States Attorney, and James H. Leavey, Assistant 
United States Attorney, on brief for appellee.

 

 NOVEMBER 19, 1997
 

 Per Curiam. We have examined the submissions of the 

parties and the record below, and we affirm. Appellant's

first contention, that his nolo contendere plea for simple 

assault in a prior state proceeding should have been excluded

under U.S.S.G. 4A1.2(c)(1), is without merit. The crime of

assault is not substantially similar to the excluded crime of

disorderly conduct. Though an assault might also qualify as

disorderly conduct, the former involves not only a threat to

the public peace, but also a threat to the bodily integrity

of another individual. Appellant cites no authority which

would equate the two crimes, and at least two other circuits

have distinguished the two crimes for purposes of applying

U.S.S.G. 4A1.2(c)(1); see United States v. Kemp, 938 F.2d 

1020, 1025 (9th Cir. 1991) (case remanded for determination

of whether defendant's conduct more closely resembled

assault, which would be included in the criminal history

calculation, or disorderly conduct, which would be excluded);

United States v. Russell, 913 F.2d 1288, 1294 (8th Cir. 1990) 

(assault is not similar to disorderly conduct for purposes of

computing criminal history); cf. United States v. Cox, 934 

F.2d 1114, 1124 (10th Cir. 1991) (crime of "menacing" is not

similar to disorderly conduct, since the former is crime

against an individual and the latter is a crime against the

public peace and order).

 -2-

 Appellant's other two points were not raised below, so

this court may reverse only for "plain error." See Johnson 

v. United States, 117 S.Ct. 1544, 1549 (1997) (plain error 

must affect substantial rights and seriously affect fairness,

integrity or reputation of justice system). We find no plain

error.

 Affirmed. Loc. R. 27.1. 

 -3-