**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN CHESTER RIBLET,

Defendant-Appellant.

No. 03-3101
(D.C. No. 02-CR-40061-JAR)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

John Chester Riblet was convicted of four counts of obstructing commerce by robbery in violation of 18 U.S.C. § 1951; four counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 921(a)(6); and one count of possessing a firearm after having been

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

convicted of a felony, in violation of 18 U.S.C. § 922(g). He was sentenced to an aggregate term of 1,282 months. Mr. Riblet appeals the district court's denial of his motion to sever counts and his motion to suppress witness identifications. He also argues the evidence was insufficient to support a guilty verdict as to two counts of the indictment. We hold the district court neither abused its discretion nor committed error and **AFFIRM**.

Over the course of three days in May 2002, a man wielding a shotgun robbed four stores in Topeka, Kansas: Reeb Retail Liquor Store, Casey's General Store, Hollywood Video, and an Amoco service station. Witnesses from three of the robberies were shown photographic lineups. Prior to viewing the lineups, they were told the police had a suspect in custody. Each witness identified Mr. Riblet as the robber after viewing the lineup and again at trial. A fourth witness, Mr. Scott Foster, the clerk at the Amoco station, identified a different person as the robber prior to trial and did not identify Mr. Riblet at trial.

Prior to trial, Mr. Riblet filed a motion to sever the counts into separate trials on each robbery and the charge of possession of firearms by a former felon, which the district court denied. We review this denial for abuse of discretion. *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003). As the district court noted, this court has consistently upheld joinder when a defendant is charged with being a felon in possession of a firearm in addition to substantive

crimes. *See, e.g.*, *United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (felon in possession and robbery); *United States v. Cox*, 934 F. 2d 1114, 1119-20 (10th Cir. 1991) (felon in possession and drugs). We cannot accept Mr. Riblet's invitation to disregard this line of precedent. *See In re Smith,* 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."). Moreover, for substantially the reasons set forth in the district court's well-reasoned Memorandum and Order, we conclude the court was well within its discretion when it denied Mr. Riblet's motion to sever the robbery counts.

The district court also denied Mr. Riblet's motion to suppress witness identifications. We review factual findings for clear error and the ultimate question of whether the identification infringed due process de novo. *United States v. Sanchez*, 24 F.3d 1259, 1262 (10th Cir. 1994). The district court made detailed findings on the record which are not clearly erroneous. *See* Rec., vol. III, at 62-77. The court also analyzed the constitutionality of the lineup under *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972), and found that the photographic lineup was unduly suggestive. *See* Rec., vol. III, at 73. The court then examined the factors required by *Neil*'s second prong, and ruled that "based on the cumulative opportunity, attention, accuracy, and certainty of these witnesses, . . . the reliability of the identification procedures far outweighs any undue suggestion

posed by the detectives improperly advising the witnesses before the photo array that there was a suspect in the photo array." *Id.* at 76-77; *see also Neil*, 409 U.S. at 199-200. On the record before us, we agree that the photo array was constitutional. *See* Rec., vol. III, at 62-77.

Finally, we review de novo the district court's denial of Mr. Riblet's motion for judgment of acquittal on two counts related to the Amoco station robbery, viewing all the evidence "in the light most favorable to the government, recognizing the right of the jury to determine credibility and to find the facts." *United States v. Fleming*, 19 F.3d 1325, 1328 (10th Cir. 1994) (quotation and citation omitted). We do not retry the facts, and Mr. Riblet must point to prejudicial trial errors or establish that the verdict is not based on substantial evidence. *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). Viewing the evidence in this light, we must uphold the jury's determination that Mr. Riblet committed the Amoco robbery. Despite Mr. Foster's misidentification, there was a significant amount of evidence from which the jury could find Mr. Riblet committed the robbery, including testimony that he got out of a blue truck, walked toward the Amoco, returned a short while later with a gun and money, dropped something on the ground, got in the passenger seat of the truck with the gun, hunched down on the floorboard, instructed another person to drive, began removing his clothing, ran from the passenger side door shirtless, and was

-4-

apprehended by the police with a flannel shirt in his waistband matching the one worn by the robber in the video from the Amoco store. *See* Rec., vol. V, at 157-62, 166-76, 207-14, 245-54; *see also* Tr. Exh. 7a.

Although some of this testimony may have been undercut on cross examination, the weight of testimony and credibility of witnesses are exclusively the province of the jury. *See White*, 710 F.2d at 1443 ("Jury findings on sharply conflicting evidence are conclusively binding on appeal inasmuch as jurors are charged with the exclusive duty of assessing the credibility of witnesses and determining the weight to be given to their testimony."); *United States v. McKissick*, 204 F.3d 1282, 1289-90 (10th Cir. 2000) ("It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented."). In this case, "a reasonable jury could find the defendant guilty beyond a reasonable doubt," which is the appropriate standard. *United States v. Hanzlicek*, 187 F.3d 1228, 1239 (10th Cir. 1999) (quotation and citation omitted).

For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge