**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Joe MARTIN, Defendant–
Appellant.**

**No. 92–2240.**

United States Court of Appeals,
Tenth Circuit.

April 4, 1994.

---

Joseph (Sib) Abraham, Jr., El Paso, TX, for appellant.

David N. Williams (Larry Gomez, U.S. Atty., and Judy A. Patton, Asst. U.S. Atty., on the brief), Las Cruces, NM, for appellee.

Before KELLY, Circuit Judge, BARRETT, Senior Circuit Judge, GODBOLD *, Senior Circuit Judge.

## OPINION ON REHEARING

BARRETT, Senior Circuit Judge.

In *United States v. Martin,* 15 F.3d 943 (1994 WL 38670 (10th Cir. (1994)) (*Martin I*), we affirmed the judgment and sentence entered following a jury trial and Martin's conviction of possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), and 18 U.S.C. § 2, and carrying and using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). We rejected Martin's contention that the discovery of the marijuana was the result of an illegal search and seizure in violation of the Fourth Amendment. We declined to consider, based on an insufficient record on appeal, Martin's contentions that the district court erred in failing to grant a severance of counts and in failing to give his requested jury instruction on § 924(c)(1).

Martin filed a petition for rehearing wherein he requested that we reconsider his contentions that the district court erred in failing to find that: the discovery of the marijuana was the result of an illegal search and seizure, the counts should have been severed, and his proffered instruction on § 924(c)(1) should have been given. Martin represented that he was confused and uncertain with respect to this court's requirements of an appropriate record on appeal.

Thereafter, upon finding of just and reasonable cause, we entered an Order in which we: granted Martin's request that we reconsider the two contentions of error raised on appeal but not addressed in *Martin I,* i.e., whether the district court erred in failing to grant a severance of counts and in failing to give his proffered instruction on § 924(c)(1); denied Martin's request that we reconsider his contention that the discovery of the marijuana was the result of an illegal search and seizure, having reached the merits on that issue in *Martin I;* and directed that Martin transmit those portions of the district court's record which he deemed necessary for our review of his severance and instruction contentions.

Martin subsequently submitted Appellant's Supplemental Appendix (Supp.App.) containing the hearing transcript on Martin's motion to sever counts; twenty-three pages of excerpts of trial transcript; and the court's jury instructions. We have carefully reviewed the Supp.App. and now address the two issues on rehearing.

* The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

## I.

Martin contends that the district court erred in denying his motion for a severance of counts.

■ Fed.R.Crim.P. 8(a) governing the joinder of offenses provides in part: "Two or more offense may be charged in the same indictment ... if the offenses charged ... are of the same or similar character or are ... parts of a common scheme or plan." Fed.R.Crim.P. 14 governing relief from prejudicial joinder provides in part: "If it appears that a defendant or the government is prejudiced by a joinder of offenses ... in an indictment ... the court may order an election or separate trials of counts...." The decision whether to grant or deny severance is in the sound discretion of the district court and will not be disturbed on appeal unless there is an affirmative showing of abuse of discretion. *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993).

■ Martin and co-defendant Robert Wood were charged in Count I of possession with intent to distribute more than 100 kilograms of marijuana. Martin was charged in Count II of carrying and using a firearm in relation to a drug trafficking offense. Prior to trial, Martin moved for a severance of counts and Wood moved for a severance of defendants. During a hearing on these motions, Martin argued:

MR. ABRAHAM (Defense Counsel):

We have filed a motion for severance of counts for the reason that with regard to the first count of the indictment, the possession of marijuana with intent to distribute, the evidence, your Honor, that the Government would present is that Mr. Martin was the driver and sole occupant of a vehicle that contained 495 pounds of marijuana in the back end of a camper shell. The evidence with regard to the possession with intent to distribute the marijuana charge would be one that would be ample evidence by the Government to show that Mr. Martin, perhaps, did possess the marijuana with intent to distribute it.

Mr. Martin chooses, your Honor, to not take the stand in connection with that charge. He would rely upon his Fifth Amendment rights. He would require that the Government prove the case against him beyond a reasonable doubt. And therefore, your Honor, would not take the stand in connection with that charge.

However, with regard to the second count of the indictment, that is the possession of the firearm during a drug trafficking offense, he does choose to take the stand. He does choose to take the stand and tell the ladies and gentlemen of the jury that he did not possess the weapon, nor did he carry it or use it for the purpose in a drug trafficking offense.

Our position is, your Honor, then basically what would happen is Mr. Martin would not be able to take the stand in the defense of his case, because I feel certain that the Government would then make inquiry of Mr. Martin during the cross-examination of the charges with regard to the possession with intent to distribute the marijuana. And those are the charges, your Honor, that he wishes to claim his Fifth Amendment privilege on. And that's the basis of my motion.

(Supp.App., Tab 1 at 4–5).

Following the hearing, the court denied Martin's motion:

THE COURT:

... All right, I'll deny the motion to sever the counts and sever the parties. In my discretion and judgment, I think the case can be adequately and properly presented in a joint trial. And I will take every step necessary to protect the rights of the defendants. All rights of the defendants. And I think I can do so in a joint trial. So the motions will be denied.

(Supp.App., Tab 1 at 8–9).

On the first day of trial, Martin filed a motion in limine requesting that his co-defendant and the government be restricted from asking him any questions "as to any licenses of firearms with regard to Count I of the indictment." (Supp.App., Tab 2 at 4). The court, after observing that "I know of no authority in support of that position," *id.* at

5, denied the motion. After the government rested, Martin renewed his motions for a severance of counts and motion in limine. *Id.* at 52. The court denied both motions. *Id.* at 54. Martin then testified.

After both parties had rested, Martin made the following arguments in chambers:

MR. ABRAHAM:

After the close of all of the evidence, it now appears that the co-defendant was permitted to cross-examine Mr. Martin on Count I of the indictment as well as the Government was able to do that. And based upon those factors, and having filed my motion in limine and the motion to sever the counts of the indictment, we feel that Mr. Martin was prejudiced by these factors for the reason that he was relying upon the Fifth Amendment and his right to not incriminate himself by and through his own mouth, by not taking the stand on Count I of the indictment but was able to present good testimony and testimony that was fruitful with regard to Count II of the indictment. That is, that the gun in question was not his gun, that it was his father's gun and that he was not intending to use it in any way in a drug trafficking offense. And it did not play a role, nor was it an integral part of a drug transaction.

(Supp.App., Tab 2 at 63–4).

Before the case was submitted to the jury, Martin renewed his motion for a severance of counts and the motion in limine. The court again denied the motions. The jury returned verdicts of guilty on both counts.

Martin contends that the denial of his severance motion "forced [him] to testify at trial and convict himself as to the drug count in an attempt to win an acquittal of the gun count." (Appellant's Opening Brief at 18). Martin further contends that inasmuch as he "had both important testimony to give concerning one count and a strong need to refrain from testifying on the other," *id.* at 18–19, the district court's refusal to sever the counts deprived him of a fair trial. The government responds that a decision to grant or deny a severance will not be disturbed on appeal absent an affirmative showing of an abuse of discretion; the burden on the defendant in this context is a difficult one; and that inasmuch as the evidence and theories of the two counts were interconnected, the district court did not abuse its discretion in denying Martin's motion to sever Counts I and II.

"The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts." *United States v. Holland,* 10 F.3d 696, 699 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 739, 126 L.Ed.2d 702 (1994), quoting, *United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993). In establishing real prejudice, the defendant must "demonstrate that the alleged prejudice he suffered outweighed the expense and inconvenience of separate trials." *United States v. Parra,* 2 F.3d 1058, 1063 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 639, 126 L.Ed.2d 597 (1993).

Significantly, Martin does not challenge the sufficiency of the evidence underlying Count II. Martin's contention that he was prejudiced because he wished to remain silent on one count but testify and mount a defense on another count, was addressed in *United States v. Cox,* 934 F.2d 1114, 1119–20 (10th Cir.1991):

Defendant alternatively argues that he was prejudiced because he wished to remain silent on counts one and two (the marijuana offenses), but testify and mount an entrapment defense on counts five through eight (the other drug offenses). When the district court refused to sever these offenses, defendant was forced either to testify or to remain silent on both counts.

In *Valentine,* 706 F.2d at 291, [*United States v. Valentine,* 706 F.2d 282 (10th Cir.1982)] we discussed what a defendant who wishes to remain silent on some counts and testify on other counts must do before he is entitled to a severance under rule 14:

"[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on

the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony that he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying."

■ Under *Cox* and *Valentine,* no need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other. Applying these standards to our case, we hold that Martin failed to demonstrate a convincing need for a severance.

During the motion hearing, Martin did notify the court that he would refrain from testifying on Count I because "the evidence ... that the Government would present is that Mr. Martin was the driver and sole occupant of a vehicle that contained 495 pounds of marijuana ... would be ample evidence by the Government to show that Mr. Martin, perhaps, did possess marijuana with intent to distribute it." (Supp.App., Tab 1 at 4). However, Martin did not make a convincing showing that he had important testimony to give concerning Count II, which charged him with carrying and using a firearm during a drug trafficking crime in violation of § 924(c)(1).

Rather, Martin related only that he would take the stand and testify "that he's not guilty of that offense, that he did not possess the weapon, nor did he carry it or use it for the purpose in a drug trafficking offense," (Supp.App., Tab 1 at 4), and "that the gun in question was not his gun, that it was his father's gun and that he was not intending to use it in any way in a drug trafficking offense." (Supp.App., Tab 2 at 63–4). We hold that such proffered testimony did not constitute the "important testimony" necessary to establish a need for a severance under *Cox* and *Valentine* because the evidence was convincing that Martin was the sole occupant of the vehicle containing the 495 pounds of marijuana charged in Count I and the user of the semi-automatic Colt pistol charged in Count II.

Section 924(c)(1) applies to a person who "'uses or carries' a firearm during and in relation to a drug trafficking crime." *United States v. McKinnell,* 888 F.2d 669, 674 (10th Cir.1989). Under § 924(c)(1) a defendant uses a firearm when it "(1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood of success for that undertaking." *United States v. Holland,* 10 F.3d at 699, quoting *United States v. Conner,* 972 F.2d 1172, 1173 (10th Cir.1992).

Martin's "important testimony" under *Cox* and *Valentine,* necessarily would have had to relate to proof that the weapon was not clearly accessible, not an integral part of the undertaking, and that it did not increase the likelihood of success of the criminal undertaking. Neither Martin's original Appendix nor his Supp.App. indicate that any such evidence was forthcoming. Under these circumstances, we hold that Martin failed to establish the need for a severance and that the district court's denial of his motion for a severance of counts did not constitute an abuse of discretion.

## II.

■ Martin contends that the district court erred by failing to give his requested jury instruction. We "examine jury instructions as a whole to determine whether the jury was provided with an accurate statement of the applicable law." *United States v. Self,* 2 F.3d 1071, 1089 (10th Cir.1993), citing, *United States v. Harmon,* 996 F.2d 256, 257 (10th Cir.1993) (citations omitted). We will reverse a conviction due to an erroneous instruction only if the error was prejudicial when viewed in light of the entire record. *United States v. Caro,* 965 F.2d 1548, 1555 (10th Cir.1992).

■ After both parties had rested, the court inquired if there were any objections to the instructions. Martin responded:

**1520**

MR. ABRAHAM:

Yes, Your Honor. I have two. With regards to the Court's instruction page six, the objection that I have, Judge, is that under 924–C–1, the Court has set out the elements for the offense. And not only that, the Court tells the jury and describes for the jury the word "use" and the word "firearm." And although the statute says use or carry, there is no definition of carry. And what I have done, Judge, is, I have submitted to the Court a statement concerning the carrying of a firearm in relation to the commission of a drug-trafficking crime. And I have said that the term "carries" means possession with the ability to exercise dominion and control of such proximity to make it available for use. "Carry" does not mean mere transportation of a firearm in a vehicle.

The Court has described and defined for the jury all of the terms of the statute with the exception of carry, and we feel that carry should be defined for the jury.

\* \* \* \* \* \*

And then I have submitted to the Court the defendant's requested instruction concerning the New Mexico law with regards to the carrying of a deadly weapon.

(Supp.App., Tab 2 at 65–7).

The district court's instruction on § 924(c)(1) provided in part:

Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime.

For you to find the defendant David Joe Martin guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant, David Joe Martin, committed the crime alleged in Count I. I instruct you that possession with intent to distribute more than 100 kilograms of marijuana is a drug trafficking crime; and

Second: That the defendant, David Joe Martin, knowingly used or carried a firearm during and in relation to the commission of the crime alleged in Count I.

The government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove "use", as that term is used in this instruction. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense. In other words, you must find that the firearm was an integral part of the drug offense charged.

(Supp.App., Tab 3 at 6).

After the court had instructed the jury, Martin made the following objection:

MR. ABRAHAM:

I have an objection, Your Honor, with regards to the Court's instructions. The Court failed to give to the ladies and gentlemen of the jury the defendant's requested instruction pertaining to possession or carrying a deadly weapon; and furthermore the Court has failed to give to the jury the jury instructions with regards to 9–24C(1) [sic] that I have submitted; more specifically, Your Honor, with regards to the definition on "carrying." The Court failed to give that and we feel the Court should have done that.

(Supp.App., Tab 2 at 110–11).

We have carefully examined the instructions as a whole, reviewed the challenged instruction together with Martin's objections thereto, and hold that the jury was "provided with an accurate statement of the law." *United States v. Self,* 2 F.3d at 108. The district court's refusal to define "carrying" did not give rise to reversible error. See *United States v. Parrish,* 925 F.2d 1293, 1297 (10th Cir.1991) (we there recognized that while § 924(c)(1) identifies the using *or* carrying of a firearm in the disjunctive, whereas the indictment, as here, charged the using and carrying in the conjunctive, we will uphold the conviction if there is sufficient evidence to find that the defendant *either* carried *or* used a firearm in violation of section 924(c)(1) during the charged drug offense). *See also United States v. Gunter,* 546 F.2d 861, 868–69 (10th Cir.1976), *cert. denied,* 430 U.S. 947, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977).

In *McKinnell,* we held that a defendant "uses" a firearm within the meaning of

§ 924(c)(1) when he has "ready access" to the firearm, when the firearm is an integral part of the criminal undertaking, and its availability increases the likelihood that the criminal undertaking will succeed. There, the firearm was found under a shopping bag on the passenger seat next to McKinnell who was operating the vehicle when arrested. 888 F.2d at 674–75. And in *United States v. Bullock,* 914 F.2d 1413, 1416 (10th Cir.1990), we held that the "use" element of § 924(c)(1) is satisfied where, although the defendant did not have a firearm on his person, various guns were found "... in virtually every room of the house," and "the firearms were thus 'used.' "

Martin's proffered instruction on the law of New Mexico relative to the carrying of a deadly weapon is not included in Martin's Appendix or Supp.App. Accordingly, we cannot consider his argument that the court's refusal to give the proffered instruction gave rise to reversible error. *Southwest Forest Industries, Inc. v. Sutton,* 868 F.2d 352, 356 (10th Cir.1989), *cert. denied,* 494 U.S. 1017, 110 S.Ct. 1320, 108 L.Ed.2d 496 (1990) (failure to designate the instructions as part of the record on appeal renders it impossible to review appellant's contention that the trial court failed to properly instruct the jury).

**AFFIRMED.**