F I L E D
United States Court of Appeals
Tenth Circuit

MAR 21 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

WILLIAM GENE EATON,

 Defendant-Appellant.

No. 99-6151

(D.C. No. 98-CR-183)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

A jury convicted Defendant William Gene Eaton on (1) two counts of bank robbery in violation of 18 U.S.C. § 2113, (2) one count of carrying a firearm during that robbery in violation of 18 U.S.C. § 924(c)(1), (3) one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (4) three

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, the panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

counts of obstruction of justice in violation of 18 U.S.C. § 1503, and (5) two counts of tampering with a witness in violation of 18 U.S.C. § 1512(b). The district court sentenced Defendant to life imprisonment pursuant to the Three Strikes Statute, 18 U.S.C. § 3559(c). Defendant appeals his conviction and sentence, arguing that the district court erred in: (1) denying his motion to suppress letters that the Government obtained as a result of a conversation with Defendant without his counsel, (2) denying his motion to suppress the testimony of Billy Creech and Clifford Henderson because they received leniency or immunity in exchange for their testimony, (3) denying Defendant's motion to sever four counts of the indictment for prejudicial joinder, and (4) applying the Three Strikes Statute using convictions greater than 15 years old. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

I.

On July 13, 1998, Defendant and Billy Eugene Creech robbed a NationsBank in Oklahoma City. On September 10, 1998, they robbed another NationsBank in Warr City, Oklahoma, and were arrested. From jail, Defendant wrote several letters to his niece, Terry Darby, asking her to help him construct an alibi for the time of the bank robberies. Darby testified before the grand jury about the letters.

FBI Agents Todd Keck and Mike Beaver were investigating the bank robberies. They identified Darby as a possible witness because she was present in the courtroom during Defendant's arraignment. In September, Creech told Keck about one of Defendant's old addresses. The apartment manager there gave Keck a utility bill under the name Terry Eaton with the phone number 386-9011. On the morning of October 19, Keck's assistants gave him two addresses for Darby: one in Oklahoma City with the phone number 386-9011 and another in Shawnee, Oklahoma, under the name Tony Harrington.

That morning Beaver spoke to Defendant's stepfather, Alva Sanders. Sanders told Beaver that Darby was Defendant's niece. He also told Beaver that she usually lived in her house in the city at 713 Southeast 27th Street, Oklahoma City, phone number 632-7987, but also stayed in Shawnee with Harrington, her boyfriend. Beaver called Keck and they traded information. In the afternoon, Beaver called Detective Luman at the Oklahoma County Sheriff's Office and told him that he had Defendant's pager and wallet and would like to return them to a family member, possibly Defendant's niece, Darby. Beaver also told Luman that he was looking for addresses so he could serve subpoenas on several people, including Darby.

On October 20, Luman visited Defendant in his cell without counsel present. Luman told Defendant he had a pager and wallet to give to Darby and

wanted to know how to reach her. Defendant gave Luman Darby's 27th Street address and called Darby to let her know an officer was coming. Around noon, the Sheriff's Office called Beaver to give him Darby's 27th Street address and phone number. Beaver had learned the same information from Sanders the day before. In the afternoon, Beaver went to Darby's house on 27th Street. He gave her Defendant's pager and wallet and served her with a subpoena.

On October 21, Beaver interviewed Darby at her house. She told Beaver that she lived at both addresses, often staying with Harrington on weekends. She also told Beaver that Defendant had sent her letters asking her to help him construct an alibi. She gave Beaver the letters. Later that day, Darby testified before the grand jury. The grand jury indicted Defendant on the four counts pertaining to the bank robberies and arms charges; the counts related to obstruction of justice and witness tampering were added later in a superseding indictment. October 21 was the last day the Government could indict Defendant within 30 days of his arrest pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b). [1]

---

[1] The Government filed an application for excludable continuance of time within which to return indictment on October 9 that was denied on October 19.

II.

A.

Defendant moved to suppress the letters, arguing that the agents obtained them in violation of his right to counsel. He argued that but for the Government's unlawful questioning on October 20, the Government would not have located Darby in time for her to testify before the grand jury. The district court denied the motion, ruling from the bench that the Government would have found the letters from an independent source: "[T]he government had developed from an independent source this address, and although it was perhaps confirmed by the contact with Mr. Luman, they had this information and I'm satisfied it's inevitable they would find Ms. Darby as a result of having that address . . . ."

In reviewing the denial of a motion to suppress, we review the district court's findings of historical fact for clear error, and review its legal conclusions de novo, viewing the evidence in a light most favorable to the government. United States v. Patten, 183 F.3d 1190, 1193 (10th Cir. 1999). The independent source doctrine permits the introduction of evidence initially discovered during an unlawful search, but later obtained independently from activities untainted by the initial illegality. United States v. Macias, No. 99-4046, 1999 WL 1244469, at *3 (10th Cir. Dec. 17, 1999) (unpublished) (quoting United States v. Griffin, 48 F.3d 1142, 1150 (10th Cir. 1995)).

In this case, assuming that Luman's questioning of Defendant in his cell was unlawful, Beaver had already obtained Darby's 27th Street address from Sanders. The district court correctly concluded that the agents found Darby's address from an independent source.

B.

Second, Defendant challenges the district court's denial of his motion to sever the case into three trials: one on each of the two bank robberies, and one for the obstruction of justice and witness tampering counts. In the district court, Defendant argued that having one trial on all the counts would be prejudicial because (1) presenting evidence about two separate bank robberies and the other counts would confuse the jury and (2) Defendant would be unable to testify about one of the bank robberies without waiving his right to remain silent on the other counts. Defendant did not tell the district court which counts he would testify to or describe what his testimony would be. The district court denied Defendant's motion to sever in a written order, finding that the counts presented related issues with overlapping facts, and that Defendant had not shown any prejudice that would justify the expense of multiple trials.

We review the denial of a motion to sever for abuse of discretion. United States v. Martin, 18 F.3d 1515, 1517 (10th Cir. 1994). The defendant must show real prejudice from the joinder and demonstrate that the prejudice outweighed the

inconvenience and expense of holding two separate trials. Id. at 1518. If the defendant argues that the joinder prevented him from testifying as to one of the counts, he must indicate to the court the nature of the testimony he would have given. United States v. Valentine, 706 F.2d 282, 291 (10th Cir. 1983).

In this case, the risk of prejudice and confusion from joining multiple counts in one trial was outweighed by the expense and inconvenience of holding three separate trials covering many of the same facts. Defendant indicated that he would have testified as to one of the counts, but did not indicate the nature of that testimony. The district court correctly used its discretion to deny Defendant's motion to sever.

C.

Third, Defendant appeals the district court's denial of his motion to suppress Creech's and Henderson's testimony. Creech helped Defendant commit the bank robberies. As part of his plea agreement, he agreed to testify against Defendant in exchange for leniency. Henderson was imprisoned in the Oklahoma County jail on state charges at the same time as Defendant. After Defendant told Henderson about the robberies and his letters to Darby, Henderson approached the Government with this information and received immunity from prosecution for obstruction of justice in exchange for his testimony. Defendant argued to the district court that Creech's and Henderson's testimony was obtained in violation

of 18 U.S.C. § 201(c) because the Government offered them leniency or immunity in exchange for their testimony. Section 201(c)(2), however, "was not intended to apply to the United States or its attorneys." United States v. Singleton, 165 F.3d 1297, 1302 (10th Cir. 1999) (en banc), cert. denied, 119 S. Ct. 2371 (1999). The district court correctly allowed Creech and Henderson to testify because § 201(c) does not apply to the Government's offers of leniency and immunity.

D.

Finally, Defendant appeals the district court's imposition of a life sentence pursuant to the Three Strikes Statute, 18 U.S.C. § 3559(c), using convictions that are more than 15 years old. The district court based Defendant's sentence on two prior convictions for serious violent felonies: one in 1983 for bank robbery, and one in 1972 for bank robbery with a firearm. The district court overruled Defendant's objection, finding no legal basis for disregarding convictions that are more than 15 years old.

We review de novo the district court's decision to impose a sentencing enhancement pursuant to the Three Strikes Statute. United States v. Gottlieb, 140 F.3d 865, 868 (10th Cir. 1998). Due process requires that a sentencing scheme be rational. Chapman v. United States, 500 U.S. 453, 465 (1991). Convictions that are more than 15 years old may be the basis of a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). United States v. Lujan, 9

F.3d 890, 893 (10th Cir. 1993).  Nothing in the Three Strikes Statute limits the age of convictions that may be the basis of the sentencing enhancement. Congress had a rational basis for creating a statute that imprisons repeat offenders for life for the protection of society.  The district court correctly concluded that Defendant's convictions, although more than 15 years old, may be considered for the Three Strikes Statute.    Accord United States v. Boone  , No. 97-4094, 1998 WL 398782, at *2 (4th Cir. July 9, 1998) (unpublished) (holding that the Three Strikes Statute's lack of time limitations does not violate due process).

AFFIRMED.[2]

Entered for the Court,

Bobby R. Baldock
Circuit Judge

---

[2] We deny Defendant's motions for permission to file a supplemental brief and to file a brief out of time.