**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT UTLEY,

Defendant - Appellant.

No. 02-3236
D.C. No. 01-CR-20073-01-CM
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **SEYMOUR, HENRY** , and **BRISCOE** , Circuit Judges.

After examining the appellant's brief and appellate record, this panel has

determined unanimously to honor the parties' request for decision on the briefs

without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case

is therefore submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Utley, an inmate at the United States Penitentiary in Leavenworth, Kansas, appeals from his conviction and sentence for two counts of assault. [1] First, he contends that the district court abused its discretion when it denied his motion to sever the counts of the indictment. Second, he challenges the district court's decision to grant the government's motion for an upward departure, which resulted in a sentence of 220 months of imprisonment. For the reasons stated below, we affirm Mr. Utley's conviction and sentence.

## I. BACKGROUND

Mr. Utley was charged with four counts of violating 18 U.S.C. § 111(a)(1) & (b). The incidents took place on four separate occasions, between the months of January and September of 2001. Mr. Utley moved for severance of the counts, contending that joinder of the counts was prejudicial. The district court denied the motion.

---

[1] Under our circuit rules, the appellant has the unambiguous duty to include "copies of all pertinent written findings, conclusions, opinions or orders of a district judge" and to also append the transcript of the sentencing judge's findings. 10th Cir. R. 28.2 (A)(1)-(2). Equally clear is the appellee's duty to include such items if the appellant fails to do so. *Id.* R. 28.2(B). We are at a loss to understand what it is that might be unclear about Rule 28 or not obvious to the parties. Quite simply, we need to have conveniently before us all rulings from the tribunal from which the appeal is being taken.

A jury convicted Mr. Utley of two counts and acquitted him on the other two. At sentencing, the government moved for an upward departure pursuant to USSG § 4A1.3, contending that Mr. Utley's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. The district court granted the government's motion, citing the likelihood of recidivism and the similarity of his present offenses with his past criminal conduct. The court noted that Mr. Utley's conduct removed him from the heartland of cases falling within the guideline range.

## II. DISCUSSION

### A. Motion for severance

We review a district court's denial of a motion to sever for abuse of discretion. *United States v. Wiseman*, 172 F.3d 1196, 1211 (10th Cir. 1999). Under this standard, a defendant must demonstrate that his right to a fair trial was threatened or actually deprived. *See United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997). A defendant's burden to show an abuse of discretion in this circumstance "'is a difficult one.'" *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (quoting *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983)).

-3-

When joinder of offenses is based upon their "same or similar character," prejudice to the defendant is more likely because the jury may use evidence of one crime to infer a criminal disposition on the part of the defendant and thus corroborate the commission of the other crime or crimes charged. *See United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). We have suggested, however, that prejudice does not exist unless the evidence is "too confusing or unfairly overlapping." *Id.*

Mr. Utley contends that because each charge of assault is factually independent, the joinder of the charges is prejudicial. He maintains that their joinder encourages the jury to infer that Mr. Utley has a criminal predisposition. He also maintains that the joinder of the charges hampers his interest in having a free choice with respect to testifying on certain counts – with joinder, he must testify regarding each charge or remain silent on them all.

A defendant who wishes to remain silent on some counts and testify on other counts is not entitled to a severance under Fed. R. Crim. P. 14 without "'a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.'" *United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994) (quoting *Valentine*, 706 F.2d at 291). In making such a showing, the defendant must

> present enough information–regarding the nature of the testimony
> that he wishes to give on one count and his reasons for not wishing

to testify on the other–to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.

*Id.* (internal quotation marks omitted)

Bearing in mind the liberal standard for joinder, *see* Fed. R. Crim. P. 8(a); *Janus*, 48 F.3d at 1557 ("Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." (internal quotation marks omitted)), we agree with the district court that joinder of the assault charges was proper under Rule 8(a). Mr. Utley only asserted that he "may wish to testify at trial as to one or more counts, but not as to all." Rec. vol. I, doc. 33 (Motion for Severance). This conclusory allegation, without more, is simply not enough to warrant severance.

Mr. Utley also noted that "[t]he Government may introduce evidence as to statements and subsequent statements made by Mr. Utley in some of these offenses but not in others." *Id.* Mr. Utley argues that the presentation of this evidence prejudiced him on the joined counts. There is no suggestion that the evidence was confusing or overlapping, and we do not think the offenses were so similar as to present a risk of confusion. As in *Muniz*, here "[t]he offenses took place on different dates at different locations, and different witnesses and evidence were presented on each count." *Muniz*, 1 F.3d at 1023. We hold that the district court was correct in concluding there was no prejudice from joinder.

In addition, the jury apparently did not find the evidence confusing, as it acquitted Mr. Utley on two of the four charges. We therefore discern no abuse of discretion in the district court's denial of his motion to sever.

**B. Upward departure**

Mr. Utley also challenges the district court's decision to grant an upward departure pursuant to USSG § 4A1.3. To arrive at its sentence, the court departed upward from criminal history category VI, offense level 29, to criminal history category VI, offense level 32, reasoning that the guidelines' computation did not adequately reflect the seriousness of Mr. Utley's past criminal conduct or likelihood for recidivism, and that an upward departure was necessary.

The Guidelines allow for a departure if the defendant's "criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." USSG § 4A1.3. To determine whether the district court abused its discretion in departing from the guidelines, we evaluate:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

*United States v. Collins*, 122 F.3d 1297, 1303 (10th Cir. 1997). Although we need not defer to the district court's resolution of the first question because it is primarily a legal issue, all four steps of this departure-review analysis are subject to a "unitary abuse of discretion standard." *Id.*

The district court concluded that several factors pointed toward Mr. Utley's proclivity for recidivism: his many arrests and convictions over a short period of time and testimony from correctional officers and the Deputy U.S. Marshal regarding Mr. Utley's threatening and violent post-trial behavior. Under USSG § 4A1.3(e), which allows consideration of "prior similar adult criminal conduct not resulting in a criminal conviction," the district court was authorized to consider this testimony. *See United States v. Shumway*, 112 F.3d 1413, 1428 (10th Cir. 1997) (affirming district court's reliance on prior similar adult criminal conduct under § 4A1.3(e)).

We give "substantial deference" to the district court's resolution of the second question–whether the departure factors it relied upon remove the defendant from the applicable guideline's heartland under the facts of the case. *Collins*, 122 F.3d at 1303. Applicable guidelines state that "[t]he court may . . . conclude that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category." USSG § 4A1.3; *see Shumway*, 112 F.3d at 1428 ("The district court relied on information that was

sufficiently unusual to take [the] case outside the Guidelines' heartland.). Mr. Utley was convicted of his first felony when he was 18 years old, and since then he has been convicted of ten separate offenses while in custody, on parole, or in an escape status. The district court observed that the government's statistics indicate that Mr. Utley was convicted of eight separate offenses during the 441 days that he was on parole since the age of 18. Given the frequency of Mr. Utley's criminal convictions, we conclude that the district court did not exceed the bounds of permissible choice in finding that Mr. Utley's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit other crimes.

Whether the record sufficiently supports the factual basis underlying the departure is a question we review for clear error. *See United States v. Maldonado-Campos*, 920 F.2d 714, 720 (10th Cir. 1990). Mr. Utley did not contest the facts of his pre-trial and post-trial conduct at his sentencing hearing. He suggests that his post-trial incendiary outbursts and reactive behavior were part of a circle of retaliation upon his acquittal of two counts by the jury. The court noted that "[o]ver and over again, [Mr Utley] has acted out against correctional officers, which is the same conduct for which he was convicted." Rec. vol. VII, at 26 (Ruling on Gov't Motion for Departure). Thus, it was not clearly erroneous for the district court to conclude that the record sufficiently

supported the departure. *See also United States v. Yates*, 22 F.3d 981, 989 (10th Cir. 1994) (noting that "[o]nly those facts that are contested at a sentencing hearing must be established by a preponderance of the evidence").

In making a determination as to the final question, whether the degree of departure is reasonable,

> we consider the district court's reasons for imposing the particular sentence together with factors such as: the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities.

*Collins*, 122 F.3d at 1308-09 (internal quotation marks omitted). In calibrating the degree of departure, a district court must provide an explanation that does more than "restate the justification for the upward departure." *United States v. Whiteskunk*, 162 F.3d 1244, 1254 (10th Cir. 1998). Rather, it must employ a "reasonable methodology hitched to the sentencing Guidelines, [including] extrapolation from or analogy to the Guidelines." *Collins*, 122 F.3d at 1309 (internal quotation marks omitted). The district court considered higher offense levels incrementally and determined that offense level 32 adequately represented Mr. Utley's criminal history and likelihood of recidivism. We conclude that the district court's rationale and conclusions were reasonable.

### III. CONCLUSION

For the reasons stated above, Mr. Utley's conviction and sentence are affirmed.

Entered for the Court,

Robert H. Henry
Circuit Judge