**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONALD P. BELL,

    Defendant-Appellant.

No. 08-6032

(D.C. No. CV-07-1330-R)
(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Defendant Donald Paul Bell, a federal prisoner appearing pro se, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) in order

to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate,

set aside, or correct his sentence. Because Defendant has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

In 2005, Defendant was convicted of two counts of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The jury was

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

unable to reach a verdict on two other counts—one under § 922(g)(1), and another charging a violation of 21 U.S.C. § 841(a)(1).  A fifth count, also under § 922(g)(1), was dismissed on motion of the government.  The district court sentenced Defendant to 120 months' imprisonment on each of the counts of conviction, to be served consecutively, resulting in a total sentence of 240 months' imprisonment.  On direct appeal, we affirmed Defendant's convictions and sentence.  United States v. Bell, 191 F. App'x 663 (10th Cir. 2006), cert. denied, 127 S. Ct. 748 (2006), reh'g denied, 127 S. Ct. 1368 (2007).

On November 27, 2007, Defendant filed a timely § 2255 motion to vacate, set aside, or correct his sentence.  Defendant argued that his trial counsel was constitutionally ineffective in (1) failing to seek severance of the two counts on which he was ultimately convicted, which in turn prevented him from testifying on his own behalf as to those counts; (2) advising him to reject the government's offer to allow him to plead guilty to one count of violating § 922(g)(1), in exchange for a ten-year sentence; and (3) incorrectly advising Defendant that the maximum sentence he could receive was ten years.[1]

The district court denied Defendant's § 2255 motion.  The court first held

---

[1] Defendant also argued that his appellate counsel was constitutionally ineffective, but he only did so because he assumed (erroneously) that this was necessary to avoid a "procedural bar."  He does not point to any act or omission by appellate counsel that he deems constitutionally ineffective.  Like the district court, we will not address this issue in additional detail.

that Defendant's trial counsel was not ineffective in failing to seek severance of the two counts on which Defendant was ultimately convicted. The court explained that all five of the counts were sufficiently related for the purposes of Rule 8(a) of the Federal Rules of Criminal Procedure, so Defendant could not show a reasonable probability that a motion for severance would have been granted. Defendant had also failed to explain why joinder of the counts had prevented him from testifying at trial.

Next, the district court concluded that Defendant had not received professionally unreasonable advice regarding the potential plea agreement. The district court relied, in large part, on an affidavit from Defendant's trial counsel, in which counsel stated that he never told Defendant whether to accept or reject the plea agreement.

Finally, the district court held that Defendant never received professionally unreasonable advice regarding the maximum possible sentence. Again, the district court relied on the affidavit from Defendant's trial counsel, in which counsel stated that he never informed Defendant what sentence Defendant would receive, and that he clearly and consistently told Defendant that the judge determined the actual sentence. The district court also noted that the magistrate judge had informed Defendant at arraignment that the maximum term of imprisonment on *each* of the § 922(g)(1) counts was ten years, and the maximum term of imprisonment on the § 841(a)(1) count was twenty years. Thus, even if

3

Defendant's trial counsel had erroneously informed him that the maximum possible sentence was ten years, Defendant was not prejudiced by this advice.

Defendant filed a timely notice of appeal from the district court's order denying his § 2255 motion. The district court denied Defendant's request to proceed on appeal *in forma pauperis*. The district court did not address the issuance of a COA, so the district court is deemed to have denied it. 10th Cir. R. 22.1(C). On appeal, Defendant requests a COA and leave to proceed *in forma pauperis*.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2553(c)(2). In order to make such a showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). To show ineffective assistance of counsel, moreover, Defendant must prove that "counsel's representation fell below an objective standard of reasonableness," and that "any

4

deficiencies in counsel's performance [were] prejudicial to the defense."
Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

Having reviewed the record, we conclude that Defendant has failed to establish his entitlement to a COA on his claims for ineffective assistance of counsel. Defendant has nowhere explained why joinder of the counts at trial prevented him from testifying as to two of them, or what his testimony on those two counts what have been. See United States v. Martin, 18 F.3d 1515, 1519 (10th Cir. 1994) ("[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other."). Defendant has thus failed to show that his trial counsel was deficient in failing to move for severance, or that Defendant suffered any prejudice as a result.

Defendant's other ineffective assistance of counsel claims also do not merit the issuance of a COA. First, as we have explained previously, "[t]he decision of whether to accept a plea agreement lies ultimately with the defendant and cannot serve as a basis for an ineffective assistance of counsel claim." United States v. Lazcano-Villalobos, 33 F. App'x 927, 928 (10th Cir. 2002). Second, in an affidavit, Defendant's trial counsel has stated that he never told Defendant whether to accept or reject the plea agreement, and that he informed Defendant that the judge would ultimately determine Defendant's sentence. Finally, even assuming *arguendo* that Defendant's trial counsel erroneously informed him that

5

the maximum possible sentence was ten years, the magistrate judge correctly informed Defendant of the possible sentences and cured any prejudice that could have resulted from counsel's representations. Defendant has not made the necessary showing for the issuance of a COA.

The request for a COA and the motion for leave to proceed on appeal *in forma pauperis* are DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge