**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TODD R. GEHRINGER,

      Defendant-Appellant.

No. 08-3260
(District of Kansas )
(D.C. No. 6:07-CR-10223-MLB-1 )

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

In a twelve count indictment filed in the United States District Court for the District of Kansas on May 29, 2008, Todd Gehringer ("defendant'), was charged with various counts of being a drug user in possession of firearms, possession of drugs, possession of methamphetamine with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime. These charges stem

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from five separate incidents spanning from October 10, 2006 to May 25, 2007.  A jury trial was held and defendant was convicted on all counts.  A Presentence Report was prepared based on the 2008 Federal Sentencing Guidelines. Defendant was sentenced to 240 months imprisonment.

Defendant has raised three issues on appeal.  First, whether the district court abused its discretion in refusing to sever Counts 3-6. Second, whether there was sufficient evidence presented at trial to support a conviction.  And, third, whether the district court erred in failing to instruct the jury that Counts 3, 4, and 9 require a mandatory minimum sentence.  We do not believe the court erred in its disposition of these matters, and therefore affirm the conviction and sentence below.

**FACTS**

In July 2006 ATF agents and the Harvey County Sheriff's Department traveled to a house in reference to an investigation of stolen guns.  A check revealed that defendant occupied the residence.  Defendant gave consent to search the house for the stolen weapons and during the search officers found marijuana, cocaine and various other illegal drugs.  On October 10, 2006, officers were patrolling for a stolen vehicle when one matching the description was seen speeding and being driven erratically.  A traffic stop was initiated and the officers saw defendant exit the driver's side door.  A woman was in the passenger seat and pointed to where defendant was hiding.  Defendant was found and taken into

2

custody.  A search of defendant revealed $4000 in cash, and a search of the vehicle revealed methamphetamine under the driver's seat, other pills, empty plastic baggies, a spoon, and an electric scale.

On December 19, 2006, Wichita police officers witnessed a vehicle strike a signpost in a parking lot.  The officers stopped the vehicle, driven by defendant, and performed a sobriety test.   Defendant was arrested for driving under the influence.  A firearm was observed in the passenger compartment as was methamphetamine, marijuana, and prescription pills.

On February 2, 2007, Kansas Highway Patrol attempted to stop a pickup driven by defendant after a check revealed the vehicle was stolen.  Defendant did not stop, and led troopers on a pursuit through numerous neighborhoods. Defendant nearly hit two vehicles, and eventually jumped out of the moving vehicle causing it to spin out of control.  Defendant fled on foot, discarding a black object as he ran.  Defendant ran into a frozen river and fell through the ice. He was arrested and a search of his person revealed a baggie of methamphetamine and the discarded item was determined to be an electronic scale.

On February 26, 2007, agents of the Bureau of Alcohol Tobacco and Firearms (ATF) contacted defendant in his driveway to question him about his past arrests and drug use, and requested permission to search his residence for firearms related to a burglary.  Defendant did not want the agents to enter his house.  Eventually, defendant told agents he had three long guns and gave them

3

permission to go into the house to verify these guns were not used in the burglary. In the search of the house, agents recovered several long guns, handguns, marijuana, and prescription pills.

On May 25, 2007, Wichita Police Officers executed a search warrant at the defendant's residence and recovered a rifle, two shotguns, marijuana, small amounts of methamphetamine and narcotics paraphernalia. On December 3, 2007, ATF agents were conducting surveillance of the defendant's house in anticipation of a search warrant for stolen firearms. Agents observed defendant leave the house and go to a nearby restaurant. Agents went to defendant, identified themselves, and defendant fled toward his residence. Defendant was apprehended and taken to the ATF field office and interviewed. Defendant told agents that he discarded narcotics during the chase and officers then found four small clear plastic baggies containing methamphetamine and one baggie of marijuana. During the interview defendant also gave agents permission to search a storage unit, advising them that there was a backpack with four handguns inside which he was given as payment for a car. During a search of the storage unit, officers found six handguns, ammunition, and other items, all of which were reported stolen in a previous burglary report received by WPD.

## MOTION TO SEVER COUNTS

Defendant first argues that the district court abused its discretion in refusing to sever counts 3-6. Defendant moved for separate trials on those charges

4

alleging that he would be prejudiced by trying all of the charges together. Specifically, under Fed.R.Crim P. 14, a court may order separate trials if the defendant is prejudiced by joinder of all counts and when a defendant can show prejudice based on a willingness to testify on some counts but not others. *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994). Defendant had proffered, and ultimately testified at trial that he was not the driver of the vehicle that was stopped on December 19, 2006 and that he did not know the vehicle contained drugs or firearms which were the basis for Counts 3-6. In moving to sever counts 3-6, defendant argued that the only way to defend himself on those counts was to testify; however, in taking the witness stand for that purpose, he could be subjected to cross-examination regarding his history of drug addiction which would prejudice the jury on the other drug and firearm possession counts. In denying the motion, the district court concluded that it had:

> ...heard Gehringer's version of the events and cannot imagine how he believes a jury would find his version to be credible. In any event, his limited proffer does not place Gehringer in a position in which he would have to testify about controlled substances, unless Gehringer placed himself in that position. Simply testifying that he was not the person identified as driving the pickup does not equate to testimony concerning whether Gehringer is a drug addict.

A defendant bears a heavy burden of showing real prejudice from the joinder of counts and "in establishing real prejudice, the defendant must demonstrate that the alleged prejudice he suffered outweighed the expense and

5

inconvenience of separate trials." *United States v. Martin*, 18 F.3d at 1518; *see also United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). The district court did not abuse its discretion in denying severance.

## SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the evidence presented at trial was not sufficient to sustain his conviction for possession with intent to distribute 5 grams or more of methamphetamine as charged in Count 9. At trial, Officer Cooper of the Wichita Police Department testified that he saw a truck matching the description of a stolen vehicle and stopped it for failing to use a turn signal. According to the officer, defendant exited the driver's door and the officer then talked to the passenger, Ms Starks. She told the officer where defendant was and the officer spoke with him. Defendant appeared nervous and stated he was driving without a valid licence. Other officers arrived on the scene and defendant was taken into custody. When defendant was searched, close to $5000 was found in his pocket, including ninety seven $20 bills. Officers also recovered several baggies of methamphetamine underneath the driver's seat. Ms. Starks testified that she was the passenger in the car which was driven by defendant, and did not know of any drugs in the car. The vehicle was not registered to the defendant but did have the same licence plate as was on the vehicle involved in the incident which was the basis for the charges in Counts 3-6.

Defendant argues that the government failed to prove constructive

6

possession of the methamphetamine because there was no "connection or nexus" between the defendant and the contraband as required by *United States v. Heckard,* 238 F.3d 1222 (10thCir. 2001) and his mere presence in the car was insufficient. At trial the arresting officer testified that defendant was the driver of the car. Ms. Starks also testified that she was picked up by the defendant, that she did not know of any drugs in the car, and never used methamphetamine. The jury was given a proper instruction on constructive possession and without re-weighing the evidence, this Court must accept the jury's decision that the defendant possessed the methamphetamine.

As to Counts 3, 4, 5 and 6, defendant argues that there was insufficient evidence that he was the "operator or owner of the pickup truck in this incident." Therefore, he argues, a jury could not have found he knowingly possessed the drugs or guns involved. A rational jury could have found that defendant was the sole occupant and driver of the truck based on Officer McVay's testimony at trial. Officer McVay testified that he followed the truck into a parking lot, and identified the driver as defendant. The jury was entitled to believe and credit officer McVay's testimony that defendant was the driver and could have rationally concluded and inferred that he was also the sole possessor of the drugs and guns found inside. *See United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994).

## MANDATORY MINIMUM SENTENCE

At trial, defendant's counsel requested that the court instruct the jury regarding the fact that their verdict as to Counts 3, 4 and 9, if guilty, would require mandatory minimum sentences. Defendant concedes that this Court has held that "unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991); *see also, United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980). However, defendant argues that the reasoning of *United States v. Polizzi*, 549 F.Supp.2d 308 (E.D. N.Y. 2008), that under the Sixth Amendment of the Constitution, the jury should know the sentencing impact of its decision, applies and should be considered. In light of established Tenth Circuit and Supreme Court authorities, the district court had no discretion to instruct the jury on the sentencing penalties, and therefore did not abuse its discretion in denying the defendant's request.

Judgment Affirmed.

ENTERED FOR THE COURT


ROBERT H. McWILLIAMS
Senior Circuit Judge

8